14-4023-cv
*Ultegra LLC v. Mystic Fire Dist.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand seventeen.

PRESENT:
PETER W. HALL,
CHRISTOPHER F. DRONEY,
*Circuit Judges,*
ALISON J. NATHAN,[*]
*District Judge.*

_____

ULTEGRA LLC, GRETCHEN CHIPPERINI,

     *Plaintiffs-Appellants*,

     v.                    No. 14-4023-cv

MYSTIC FIRE DIST., CHRISTOPHER MAY, KYLE HILBERT, FRANK C. HILBERT, ANTHONY P. MANFREDI, JR., CHRIS PAIGE, BRIAN MOLKENTHIN, NICK ALLYN,

     *Defendants-Appellees.*[1]

_____

_____

[*]  Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

[1] The Clerk of Court is respectfully requested to amend the caption to conform with the above.

For Plaintiffs-Appellants:                          BRUCE H. RAYMOND (Evan K. Buchberger, *on the brief*), Raymond Law Group LLC, Glastonbury, CT.

For Defendants-Appellees:                          MICHAEL C. DEAKIN, Deakin Edwards & Clark, LLP, Woodbridge, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Gretchen Chipperini and Ultegra LLC sued numerous defendants after an intoxicated William Celtruda, a volunteer firefighter from the Mystic Fire District's B.F. Hoxie Engine Company ("Hoxie Fire Station"), burned down their property in Mystic, Connecticut. As relevant, Appellants asserted claims under 42 U.S.C. § 1983 and under state law for negligence against Christopher May, a Captain of the Hoxie Fire Station; two claims of negligence and willful and wanton conduct against Kyle Hilbert, a lieutenant of the Hoxie Fire Station; and an indemnification claim against the Mystic Fire District. The district court granted summary judgment in favor of Captain May on the § 1983 claim. The remaining claims were submitted to a jury, which found in favor of the defendants on all counts. On appeal, Appellants seek review of the following: (1) an evidentiary ruling precluding testimony at trial concerning Celtruda's drug use; (2) an order granting summary judgment in favor of Captain May on the Appellants' § 1983 claim; (3) an order awarding the defendants $3,450 in attorneys' fees and costs under Federal Rule of Civil Procedure 11 for their efforts to show that Ms. Chipperini improperly delayed the trial; and (4) an evidentiary ruling precluding two of Appellants' damages experts from testifying at trial. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

2

## A. Exclusion of Evidence of Celtruda's Drug Use

"We review evidentiary rulings for abuse of discretion." *United States v. Mercado,* 573 F.3d 138, 141 (2d Cir. 2009). Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact" that is "of consequence in determining the action" "more or less probable than it would be without the evidence . . ." Fed. R. Evid. 401. Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by a danger" of, among other things, "unfair prejudice, confusing the issues," or "misleading the jury . . ." Fed. R. Evid. 403. We apply a "highly deferential" standard of review to Rule 401 and 403 challenges "in recognition of the district court's 'superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice.'" *United States v. Coppola*, 671 F.3d 220, 244 (2d Cir. 2012) (quoting *United States v. Abu–Jihaad,* 630 F.3d 102, 131 (2d Cir. 2010)).

The district court did not abuse its discretion in excluding evidence concerning Celtruda's drug use. Although Appellants contend that the district court "too narrowly construed their complaint" as alleging negligence based only on the defendants' failure to conduct a psychological evaluation of Celtruda, the fact remains that their complaint did not allege that the defendants should have also performed a drug test. The court was not required to read into the complaint an allegation that Appellants themselves did not make. The district court, moreover, correctly observed that there was no evidence that the defendants had any knowledge of Celtruda's drug use. In any event, the district court acted within its discretion under Rule 403 in concluding that, even if evidence of Celtruda's drug use had some probative value, it had the potential to confuse the jury, which outweighed any probative value.

3

**B. Summary Judgment in Favor of Captain May on § 1983 Claim**

"We review *de novo* an order granting summary judgment and 'resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Doe ex rel. Doe v. Whelan*, 732 F.3d 151, 155 (2d Cir. 2013) (alteration in original) (quoting *Burg v. Gosselin,* 591 F.3d 95, 97 (2d Cir. 2010)). "Summary judgment is appropriate where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (quoting Fed. R. Civ. P. 56(a)).

An action under 42 U.S.C. § 1983 requires a plaintiff to show that the defendant violated a constitutional right. *Matican v. City of N.Y.*, 524 F.3d 151, 154 (2d Cir. 2008). The Due Process Clause of the Fourteenth Amendment "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). Under the so-called state-created danger exception, however, the government "may owe such an obligation if its agents in some way assisted in creating or increasing the danger to the victim." *Matican*, 524 F.3d at 155 (internal quotation marks omitted). Even if this exception applies, a plaintiff "must show that the [defendants'] behavior was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id*. (internal quotation marks omitted).

As we observed in *Matican*, "[i]n applying the state-created danger principle, we have sought to tread a fine line between conduct that is passive (and therefore outside the exception) and that which is affirmative (and therefore covered by the exception)." *Id*. at 157 (internal quotation marks omitted). Here, because there was no evidence that Captain May had any

knowledge that Celtruda posed a danger to anyone, let alone that he had a propensity to start fires, Captain May's conduct falls squarely on the passive side of the ledger. *Cf. id.* (discussing examples of affirmative conduct). Indeed, even if Captain May had some inkling that Celtruda was dangerous, Appellants alleged only that Captain May should have done more to ensure the safety of the general public. We have made clear, however, that "[i]t is not enough to allege that a government actor failed to protect an individual from a known danger of . . . harm or failed to warn the individual of that danger." *Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007).

In addition, Appellants cannot show, as they must, that Captain May's "behavior was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Matican*, 524 F.3d at 155 (internal quotation marks omitted). Captain May's conduct could be described, at most, as merely negligent. Negligently inflicted harm, however, "is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *see Matican*, 524 F.3d at 158 (same).

## C. Award of Fees and Costs to Defendants

We "review an order imposing Rule 11 sanctions for abuse of discretion." *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010). A party may be liable for sanctions under Federal Rule of Civil Procedure 11(c)(1) for, *inter alia*, submitting a motion or other paper that is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). "Rule 11 provides a vehicle for sanctioning an attorney, a client, or both." *United States v. Int'l Bhd. of Teamsters, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1343 (2d Cir. 1991).

The district court did not exceed the bounds of its discretion in awarding costs and attorneys' fees to the defendants for their efforts to correct the court's impression of Ms.

5

Chipperini's health status. The district court permissibly concluded that Ms. Chipperini was not forthcoming about the true state of her health at the time she moved for a continuance of the trial. In contrast to the reports submitted by Ms. Chipperini's doctors, videotapes showed that she had been able to travel and move about the Town of Groton around the time she was supposedly "unable to perform even the simplest activities of daily activity." App'x 185. Based on this evidence, the court reasonably found limited sanctions were necessary. *See* Fed. R. Civ. P. 11(c)(1).[2]

### D. Preclusion of Appellants' Damages Experts

Appellants contend that, in the event of a remand, we should reverse the district court's decision to exclude two of their experts, both of whom would have testified that the damages incurred by Appellants exceeded $7 million. Given there is no basis for a remand, we need not address this argument. In any event, we do not view the district court's exclusion of Appellants' experts as an abuse of discretion. *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 264 (2d Cir. 2002) (observing that we review for abuse of discretion a district court's determination to admit or exclude expert testimony). Accordingly, there is no merit to Appellants' challenge to the award of costs associated with their presentation of a new expert.

---

[2] Although Appellants suggest that the district court should have held an evidentiary hearing, we have "rejected the notion that the imposition of sanctions pursuant to Rule 11 requires an evidentiary hearing." *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 392 (2d Cir. 1989). In any event, before imposing sanctions, the district court afforded Appellants several opportunities to be heard on the issue.

We have considered all of Appellants' arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk